UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CR-62-TLS |
| | ) | |
| CHARLES DIES | ) | |

**OPINION AND ORDER**

The Defendant, Charles Dies, pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. § 846, and possessing with intent to distribute cocaine, 21 U.S.C. § 841. This matter is before the Court on the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 405], filed on August 26, 2015. The Government opposes the Defendant's Motion. For the reasons stated herein, the Court finds that the Defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782, and denies his Petition.

**BACKGROUND**

A Superseding Indictment charged the Defendant with conspiring to distribute 5 or more kilograms of cocaine in violation of 21 U.S.C. § 846 (Count 1), possessing with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3), and two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Counts 2 and 4).

The Defendant and the Government entered into a written Plea Agreement, which was filed with the Court. According to the Plea Agreement, the Defendant agreed to enter a plea of guilty to Counts 1 and 3 of the Superseding Indictment, in return for the dismissal of Counts 2

and 4—the gun charges. The Government and the Defendant also agreed to a term, not binding on the Court, providing that the Defendant was entitled to the appropriate reductions for acceptance of responsibility. Further, the Plea Agreement contained the following language regarding the Defendant's term of imprisonment:

> I am aware that had I been convicted of either or both of the § 924(c) offenses, I would have been subject to a 5 year term of imprisonment that would have run consecutive to the drug counts to which I have agreed to plead guilty. However, the government has agreed to a dismissal of the § 924(c) counts above, and I hereby agree to any variance that would result in a total sentence of 156 months imprisonment. The government and I agree that I should receive a sentence of 156 months imprisonment on Counts 1 and 3. This agreement that I should receive a sentence of 156 months is a binding agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

(Plea Agreement ¶ 8.e, ECF No. 206.)

In preparation for sentencing, a probation officer prepared a Presentence Investigation Report (PSIR). The Defendant objected to the enhancements, as recommended in the PSIR, for his possession of a dangerous weapon and his role in the offense.

At sentencing, the Court acknowledged that the parties' agreement that the Defendant be sentenced to a term of imprisonment of 156 months was the type of agreement specified in Federal Rule of Criminal Procedure 11(c)(1)(C), and that the Court could only accept this term of the Plea Agreement if it found that the agreed sentence was within the applicable guideline range or that it departed for justifiable reasons. The Court's acceptance of the Plea Agreement thus necessitated that it first determine the correct Guideline range. Accordingly, resolution of the Defendant's objections, and their impact on the offense level and guideline range, was essential to the Court's consideration of the binding term and whether to accept it. After the Court heard testimony from the Defendant and argument from counsel regarding the Defendant's

objections, the Court overruled the Defendant's objection to the dangerous weapons enhancement, concluding that the Defendant was using the gun for personal protection and that his need for protection was connected to his drug trafficking. However, the Court sustained the Defendant's objection to the enhancement for his role in the offense. Based on the Court's rulings, the Guideline range was 108 to 135 months of imprisonment.

Next, the Court heard argument from counsel concerning the reasons the Court should accept the binding terms of the Plea Agreement; or, specifically, the dismissal of the two gun charges and the agreed 156-month term of imprisonment. Both the Government and the Defendant presented argument in favor of accepting the binding terms of the Plea Agreement and sentencing the Defendant to 156 months of imprisonment. The Court accepted the Plea Agreement and asked the Defendant if he understood that the judgment would reflect the dismissal of Counts 2 and 4, and that he would be sentenced to a term of 156 months of imprisonment. The Court sentenced the Defendant accordingly.

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. The Government asserts that the Defendant's sentence was not based on the Guidelines. Instead, it was based on a plea agreement that contained a binding

3

term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), also referred to as a (C) agreement. This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *see also id.* (c)(4) (providing that if the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment").

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered whether defendants who enter into plea agreements recommending a particular sentence as a condition of the guilty plea may be eligible for § 3582(c)(2) relief. No majority of the justices agreed on a single rationale. The narrowest, most case-specific basis for deciding *Freeman*, and thus the statement of controlling law, comes from Justice Sotomayor's concurrence. *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence is controlling under *Marks v. United States*, 430 U.S. 188, 193 (1977)).

Justice Sotomayor stated that, generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."). However, two limited exceptions are recognized. The first applies where the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case." *Id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)). Under this particular type of (C) agreement, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there

4

can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.*; *Dixon*, 687 F.3d at 359. For the second exception to apply, the plea agreement itself must "make clear that the basis for the specified term" is the applicable Guideline range. *Id.* at 2697 (stating that the "sentencing range [must be] evident from the agreement itself"); *Dixon*, 687 F.3d at 359.

The Defendant includes statements from *Freeman* in his brief to this Court in support of his Petition for a reduction. However, many of those citations are to the opinion authored by Justice Kennedy. In reply to the Government's opposition to his Petition, the Defendant observes that the "Government argues that the Court should ignore the position of Justice Kennedy and adopt the narrower position taken by Justice Sotomayor in *Freeman*." (Def. Reply 4, ECF No. 410.) If, by characterizing the Government's position in this way, the Defendant means for this Court to analyze his Petition in light of the non-controlling portions of *Freeman*, the Court must decline. The Seventh Circuit's decision in *Dixon*, finding that Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Supreme Court's holding, binds this Court. *See, e.g., Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986).

The Defendant also argues that, regardless of whether the broad view as written by Justice Kennedy or the narrow view of Justice Sotomayor is applied, he is still eligible for a reduction because he meets the requirements of Justice Sotomayor's second exception. (Reply 4.) He asserts that the language in his plea agreement, wherein he agreed "to any variance that would result in a total sentence of 156 months imprisonment" (Plea Agreement ¶ 8.e), expressly uses the Guideline range.

The Court disagrees. The Plea Agreement contains no mention of a Guideline range. In this way, it is like the agreement in *Dixon*. 687 F.3d at 360 (denying relief because "[n]o Guideline range appears in the written terms of the plea agreement that could have formed the basis for the fifteen to twenty year sentencing range."). Nor does it refer to an offense level or a criminal history category. In this way, it contains less information about the Guidelines than the plea agreement in *Dixon*, which set forth information about Dixon's offense level and criminal history category. *Id.* However, "Dixon's plea agreement did not expressly link the offense level and criminal history to the much lower agreed sentence range . . . . In short, the written terms of the agreement itself do not 'make clear' that any particular Guidelines range was 'employed.'" *Id.* (quoting *Freeman*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment)). Dixon was thus not eligible for a sentence reduction under § 3582(c)(2).

Likewise, the written terms of the Defendant's Plea Agreement do not make clear that any particular Guidelines range was employed. Quite the opposite. It identifies only the specific term of imprisonment that the Defendant agreed to—156 months—negotiated in light of the fact that the Government was agreeing to dismiss the § 924(c) offenses which would have subjected the Defendant to a 5-year sentence to run consecutively to the drug counts to which he was pleading guilty. The Defendant agreed to *any* variance that would be necessary to achieve this negotiated term of imprisonment. By this agreement, the parties did not come to a shared assessment that a particular imprisonment range would apply. In fact, the range would make no difference to the ultimate sentence to be imposed, as long as the Court accepted the parties' Plea Agreement. Under these circumstances, his sentence cannot be characterized as having been "based on" the Guidelines. *Cf. United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) (where a

plea agreement mentioned a base offense level, but no criminal-history score, thus omitting "one of the critical inputs necessary to find a final advisory guidelines range[, it was] impossible to infer from this agreement that the parties based their agreed . . . term on any guidelines range").

As a final point of discussion, the Court addresses the Defendant's comparison of the language in his Agreement to language the *Dixon* court indicated would have rendered the defendant eligible for relief under Justice Sotomayor's opinion had it been included in the plea agreement. In *Dixon*, the prosecutor made oral statements at the sentencing hearing that tied "the range in the binding plea agreement directly to the applicable Guideline range: the parties agreed that Dixon's sentence should be one-half to two-thirds of the low end of his applicable Guideline range." 687 F.3d at 360. Although oral statements were not sufficient to allow § 3582(e)(2) relief under Justice Sotomayor's opinion, the court stated that the analysis would have changed if that information had been included in the written agreement itself. *Id.* at 361 ("If the written agreement itself had said . . . that Dixon should receive a discount of one-third to one-half from the bottom of the applicable Guideline range, then under Justice Sotomayor's opinion, the district court could have exercised its discretion to decide to grant or deny relief."). As highlighted above, the Agreement in this case did not suggest that a specific discount would be appropriate. Rather, it called for any variance necessary to achieve the negotiated term of imprisonment. The implication of these two agreements are not the same. The former reveals that the Guideline range was an important and relevant starting point for arriving at the negotiated term. The latter suggests that the Guideline range would not matter.

Because the Defendant's sentence was based on a negotiated and agreed term of imprisonment, and not based on or tied to the Guidelines, the Defendant is not eligible for a

reduction under § 3582(c)(2).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 405].

SO ORDERED on October 14, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT