**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CR-62-TLS |
| | ) | |
| CHARLES DIES | ) | |

**OPINION AND ORDER**

The Defendant, Charles Dies, seeks a sentence reduction. The Defendant pled guilty in 2011 to conspiring to distribute cocaine, 21 U.S.C. § 846, and possessing with intent to distribute cocaine, 21 U.S.C. § 841. The district court sentenced him to 156 months of imprisonment based on a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). When the Sentencing Guidelines were later amended to retroactively lower the base offense level for most drug crimes, the Defendant sought to reduce his sentence under 18 U.S.C. § 3582(c)(2). On October 14, 2015, the Court denied the Defendant's request because his sentence was based on a negotiated and agreed term of imprisonment, and not based on or tied to the Guidelines. (10/14/15 Opinion and Order, ECF No. 411.) Accordingly, the Defendant was not eligible for a reduction under § 3582(c)(2).

More than two years later, the Defendant again seeks a reduction. He has filed a Motion for Reconsideration [ECF No. 416], and Motion for Leave to Amend Motion for Reconsideration [ECF No. 418]. The Defendant urges the Court to find that his sentence was based on a Guideline range that has been lowered.

Despite characterizing his request as a motion for reconsideration, what the Defendant is requesting to file is a renewed motion under § 3582(c)(2). *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). In *Redd*, the defendant filed a "Motion for Reconsideration or

Alternatively Renewed Motion for Modification of Sentence" after being granted a § 3582(c)(2) sentence reduction. The court characterized the motion as a "new motion for a lower sentence under § 3582(c)(2)" because "[o]nly a motion filed within the time for appeal acts as a genuine request for reconsideration." *Id.*; *see also United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014) (submission filed outside time for appeal was "nothing more in substance than a renewed motion under § 3582(c)(2)"). The *Redd* court then went on to explain that defendants "are not entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range" *Id.* at 651 ("Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive."). "In other words, prisoners have only one bite at the apple per retroactive amendment to the sentencing guidelines." *Beard*, 745 F.3d at 292 (citing *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010)).

Although the limit of one motion per amendment is not jurisdictional, *id.* at 291, the Court has no reason to revisit its Order of October 14, 2015. The circumstances that led the Court to deny the Defendant's previous motion for a reduction in his sentence still apply. The Defendant's sentence of 156 months was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The agreement did not contain a calculation of the Defendant's criminal history score or adopt a Guideline range based on any offense level. Even when the Guidelines are used as a starting point, that fact alone does not "empower the court under § 3582(c)(2) to reduce the term of imprisonment" agreed upon. *Freeman v. United States*, 564 U.S. 522, 537 (2011) (Sotomayor, J., concurring). "All that matters is whether the parties' binding plea agreement was expressly based

on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement or whether the Guidelines informed the court's decision to accept the agreement." *United States v. Dixon*, 687 F.3d 356, 361 (7th Cir. 2012).

Because the Defendant's sentence was based on a negotiated and agreed term of imprisonment, and not based on or tied to the Guidelines, the Defendant is not eligible for a reduction under § 3582(c)(2).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Reconsideration [ECF No. 416]. The Court GRANTS the Defendant's Motion for Leave to Amend [ECF No. 418], and has considered the arguments presented in that Motion, but finds that they do not entitle the Defendant to a reduction in his sentence.

SO ORDERED on May 3, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT